# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA :

               v. :

STEVEN STAMBAUGH, :

               **Defendant** :

No. 1:24 cr 275

Judge Mannion

### INDICTMENT

FILED
SCRANTON

OCT 08 2024

PER _____

DEPUTY CLERK

THE GRAND JURY CHARGES:

### COUNTS 1 THROUGH 26
18 U.S.C. § 1343
(Wire Fraud)

At times material to the Indictment:

## I.   Introduction

### A.   Relevant Individuals and Entities

1.   Defendant STEVEN STAMBAUGH was a resident of York, Pennsylvania, within the Middle District of Pennsylvania.   STEVEN STAMBAUGH was an attorney, and was the owner and operator of Stambaugh Law, P.C.

2.   Stambaugh Law, P.C. was a law firm located in York, Pennsylvania, within the Middle District of Pennsylvania.

1

3.      Employee #1, Employee #2, Employee #3, and Employee #4 were employees of Stambaugh Law, P.C., and resided in the Middle District of Pennsylvania.

B.      Unemployment Compensation Benefits

4.      The federal and state unemployment insurance system, created by the Social Security Act of 1935, was designed to provide unemployment insurance benefits, commonly referred to as unemployment compensation, to persons out of work through no fault of their own.   Each state administers a separate unemployment insurance program, funded by both federal and state taxes.

5.      Beginning in or around March 2020, in response to the COVID-19 pandemic, several federal programs expanded unemployment insurance eligibility and increased unemployment insurance benefits, including the Federal Pandemic Unemployment Compensation (FPUC) program.   FPUC provided eligible individuals with $600 per week, in addition to the weekly benefit amount they received from other unemployment compensation programs.

6.     In the Commonwealth of Pennsylvania, the Pennsylvania Department of Labor & Industry (PA Dept. of L&I), headquartered in Harrisburg, Pennsylvania, within the Middle District of Pennsylvania, operated and administered the unemployment compensation program, including by receiving and reviewing applications for unemployment compensation benefits, including FPUC payments.   The Pennsylvania State Treasury Department, headquartered in Harrisburg, Pennsylvania, within the Middle District of Pennsylvania, administered the payment of benefits under the unemployment compensation program.

7.     In general, claimants were eligible for unemployment compensation benefits if they were able and available for work, and were either unemployed or underemployed.   Unemployment compensation was not available to individuals who were not able and available to work.

8.     Claimants were required to report all work and gross earnings for which they had been paid or would be paid for the week in which the work occurred or the gross earnings were realized, regardless

of when the claimants were paid.   After filing an initial claim for
unemployment compensation benefits, and to maintain those benefits,
claimants were required to certify eligibility on a bi-weekly basis, in
which they reported all work and gross earnings for each week they
were claiming unemployment compensation.   Both the initial
application and the bi-weekly certifications were submitted to PA Dept.
of L&I over the internet and interstate wires.   Failure to report all
work and gross earnings could disqualify a claimant from receiving
benefits for the claimed weeks.

9.   Unemployment compensation benefits authorized for
payment by the PA Dept. of L&I were disbursed by the Pennsylvania
State Treasury Department in the form of a debit card mailed to
claimants, or by direct deposit into a claimant's bank account through
the use of interstate wires.   The Pennsylvania State Treasury
Department used U.S. Bank, located in Minneapolis, Minnesota, to
disburse the unemployment compensation benefits, and sent
authorizations for the disbursement of unemployment compensation
benefits to U.S. Bank through the internet and interstate wires.

4

## II.    Object of the Scheme to Defraud

10.    The object of the scheme was for STEVEN STAMBAUGH to unjustly enrich himself by using government funds to pay the employees of Stambaugh Law, P.C. during the COVID-19 pandemic.

## III.   Statutory Allegation

11.    From in or about March 19, 2020, to in or about May 18, 2020, in York County, within the Middle District of Pennsylvania and elsewhere, the defendant,

### STEVEN STAMBAUGH,

with the intent to defraud, knowingly devised and intended to devise a scheme and artifice to defraud the Commonwealth of Pennsylvania, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises.

12.    For the purpose of executing, advancing, furthering, and carrying out the scheme and artifice to defraud, and attempting to do so, the defendant knowingly transmitted and caused others to transmit by means of wire communication in interstate commerce the following

5

writings, signs, signals, pictures, and sounds, with each being a

separate count:

| Count | Approximate Date of Wire | Description |
|---|---|---|
| 1 | March 25, 2020 | Unemployment compensation application for Employee #1, submitted by the internet and interstate wires to the PA Dept. of L&I |
| 2 | March 25, 2020 | Unemployment compensation application for Employee #2, submitted by the internet and interstate wires to the PA Dept. of L&I |
| 3 | March 25, 2020 | Unemployment compensation application for Employee #3, submitted by the internet and interstate wires to the PA Dept. of L&I |
| 4 | March 29, 2020 | Unemployment compensation application for Employee #4, submitted by the internet and interstate wires to the PA Dept. of L&I |
| 5 | March 27, 2020 | Authorization from the PA State Treasury Department to issue unemployment benefits for Employee #1, submitted by the internet and interstate wires |
| 6 | March 26, 2020 | Authorization from the PA State Treasury Department to issue unemployment benefits for Employee #2, submitted by the internet and interstate wires |
| 7 | March 27, 2020 | Authorization from the PA State Treasury Department to issue unemployment benefits for Employee #3, submitted by the internet and interstate wires |
| 8 | April 7, 2020 | Authorization from the PA State Treasury Department to issue unemployment benefits for Employee #4, submitted by the internet and interstate wires |

| 9 | April 1, 2020 | Certification for Employee #1, submitted by the internet and interstate wires to the PA Dept. of L&I |
| 10 | April 1, 2020 | Certification for Employee #2, submitted by the internet and interstate wires to the PA Dept. of L&I |
| 11 | April 1, 2020 | Certification for Employee #3, submitted by the internet and interstate wires to the PA Dept. of L&I |
| 12 | April 2, 2020 | Certification for Employee #4, submitted by the internet and interstate wires to the PA Dept. of L&I |
| 13 | April 12, 2020 | Certification for Employee #1, submitted by the internet and interstate wires to the PA Dept. of L&I |
| 14 | April 12, 2020 | Certification for Employee #2, submitted by the internet and interstate wires to the PA Dept. of L&I |
| 15 | April 14, 2020 | Certification for Employee #3, submitted by the internet and interstate wires to the PA Dept. of L&I |
| 16 | April 12, 2020 | Certification for Employee #4, submitted by the internet and interstate wires to the PA Dept. of L&I |
| 17 | April 26, 2020 | Certification for Employee #1, submitted by the internet and interstate wires to the PA Dept. of L&I |
| 18 | April 26, 2020 | Certification for Employee #2, submitted by the internet and interstate wires to the PA Dept. of L&I |
| 19 | April 26, 2020 | Certification for Employee #3, submitted by the internet and interstate wires to the PA Dept. of L&I |

| 20 | April 26, 2020 | Certification for Employee #4, submitted by the internet and interstate wires to the PA Dept. of L&I |
| 21 | April 2, 2020 | Transfer of unemployment compensation benefits from U.S. Bank to Employee #2's account at Members 1st Federal Credit Union |
| 22 | April 14, 2020 | Transfer of unemployment compensation benefits from U.S. Bank to Employee #2's account at Members 1st Federal Credit Union |
| 23 | April 15, 2020 | Transfer of unemployment compensation benefits from U.S. Bank to Employee #2's account at Members 1st Federal Credit Union |
| 24 | April 18, 2020 | Transfer of unemployment compensation benefits from U.S. Bank to Employee #2's account at Members 1st Federal Credit Union |
| 25 | April 28, 2020 | Transfer of unemployment compensation benefits from U.S. Bank to Employee #2's account at Members 1st Federal Credit Union |
| 26 | May 2, 2020 | Transfer of unemployment compensation benefits from U.S. Bank to Employee #2's account at Members 1st Federal Credit Union |

## IV.    Manner and Means of the Scheme to Defraud

The scheme to defraud was accomplished, in part, by the following manner and means:

13.    It was part of the scheme and artifice to defraud that defendant STEVEN STAMBAUGH notified and caused another to notify the employees of Stambaugh Law, P.C. that they were

temporarily laid off, on or about March 20, 2020.

14.    It was further part of the scheme and artifice to defraud that defendant STEVEN STAMBAUGH instructed and caused others to instruct the employees of Stambaugh Law, P.C. to file applications for unemployment compensation benefits with the Commonwealth of Pennsylvania.

15.    It was further part of the scheme and artifice to defraud that defendant STEVEN STAMBAUGH directed, and caused others to direct, the employees of Stambaugh Law, P.C. to continue working for Stambaugh Law, P.C., while they were ostensibly laid off.

16.    It was further part of the scheme and artifice to defraud that defendant STEVEN STAMBAUGH provided and caused others to provide equipment and assistance to the employees of Stambaugh Law, P.C., to telework while they were ostensibly laid off.

17.    It was further part of the scheme and artifice to defraud that defendant STEVEN STAMBAUGH offered and caused another to offer employees supplemental income from Stambaugh Law, P.C., for hours worked while ostensibly laid off and collecting unemployment benefits,

to account for the difference between the employees' salaries and the benefits they received through unemployment compensation.

18.   It was further part of the scheme and artifice to defraud that defendant STEVEN STAMBAUGH instructed and caused others to instruct employees to manually track the hours they worked while ostensibly laid off, in anticipation of future satisfaction of the offer of supplemental income.

19.   It was further part of the scheme and artifice to defraud, and to conceal the scheme and artifice to defraud, that defendant STEVEN STAMBAUGH instructed and caused another to instruct employees of Stambaugh Law, P.C. not to record the hours they worked while ostensibly laid off, in their ordinary time-tracking software program Timeclocks.

20.   It was further part of the scheme and artifice to defraud that defendant STEVEN STAMBAUGH caused employees of Stambaugh Law, P.C., to apply for unemployment compensation benefits from the PA Dept. of L&I, despite those employees continuing to work at Stambaugh Law, P.C. while ostensibly laid off, and therefore being

ineligible to receive such benefits.

21.   It was further part of the scheme and artifice to defraud that defendant STEVEN STAMBAUGH caused employees of Stambaugh Law, P.C. to represent falsely in unemployment compensation applications to the PA Dept. of L&I that the last day they worked was on or about March 19, 2020, and March 20, 2020, when in fact the employees continued to work for Stambaugh Law, P.C. thereafter.

22.   It was further part of the scheme and artifice to defraud that defendant STEVEN STAMBAUGH caused employees of Stambaugh Law, P.C. to represent falsely in bi-weekly certifications to the PA Dept. of L&I that they did not work in the preceding weeks and were available for work, when in fact the employees continued to work for Stambaugh Law, P.C., and thus were not available for work.

23.   It was further part of the scheme and artifice to defraud that defendant STEVEN STAMBAUGH caused employees of Stambaugh Law, P.C. to receive unemployment compensation benefits, including FPUC payments, sent in the mail, from U.S. Bank located in the state of Minnesota, to employees located in the Middle District of

Pennsylvania.

24.    It was further part of the scheme and artifice to defraud that
defendant STEVEN STAMBAUGH submitted and caused another to
submit Employer's Notice of Application and Separation forms (a UC-45
Form) from Stambaugh Law, P.C. to the PA Dept. of L&I, that
represented falsely that employees of Stambaugh Law, P.C. last worked
on March 19, 2020, when in fact the employees continued to work for
Stambaugh Law, P.C. after March 19, 2020, and that omitted from the
Employer's Notice of Application and Separation forms the true dates
on which employees of Stambaugh Law, P.C. last worked.

25.    It was further part of the scheme and artifice to defraud that
defendant STEVEN STAMBAUGH omitted and caused another to omit
hours and weeks worked by employees of Stambaugh Law, P.C., while
they were laid off, from information provided to the PA Dept. of L&I,
including in quarterly wage reports.

26.    It was further part of the scheme and artifice to defraud, and
to conceal the scheme and artifice to defraud, that defendant STEVEN
STAMBAUGH instructed and caused others to instruct employees to

conceal their presence at Stambaugh Law, P.C. when working while ostensibly laid off and collecting unemployment compensation benefits.

27.    It was further part of the scheme and artifice to defraud, and to conceal the scheme and artifice to defraud, that defendant STEVEN STAMBAUGH suggested to Employee #1 that Employee #1 lie to the PA Dept. of L&I about working for Stambaugh Law, P.C., while ostensibly laid off and collecting unemployment compensation benefits.

28.    It was further part of the scheme and artifice to defraud, and to conceal the scheme and artifice to defraud, that defendant STEVEN STAMBAUGH required employees to confirm, in writing, that he did not direct them to work at Stambaugh Law, P.C., while ostensibly laid off and collecting unemployment compensation benefits, when in fact he did.

29.    It was further part of the scheme and artifice to defraud, and to conceal the scheme and artifice to defraud, that defendant STEVEN STAMBAUGH represented and caused another to represent in applications for Payment Protection Program loans and loan forgiveness that Stambaugh Law, P.C. had ten employees and seven employees in

or about April 2020, and omitted information that employees of Stambaugh Law, P.C. were ostensibly laid off in March 2020.

All in violation of Title 18, United States Code, Section 1343.

THE GRAND JURY FURTHER CHARGES:

## COUNTS 27 AND 28
18 U.S.C. § 1341
(Mail Fraud)

30.     The factual allegations in paragraphs 1 through 10, and 13 through 29 are incorporated here.

31.     From in or about March 19, 2020, to in or about May 18, 2020, in York County, within the Middle District of Pennsylvania and elsewhere, the defendant,

**STEVEN STAMBAUGH,**

with the intent to defraud, knowingly devised a scheme and artifice to defraud the Commonwealth of Pennsylvania and to obtain money and property by materially false and fraudulent pretenses, representations, and promises.

32.     For the purpose of executing, advancing, furthering, and carrying out the scheme and artifice to defraud, and attempting to do so, the defendant knowingly caused to be delivered by a private and commercial interstate carrier, according to the direction thereon and at the place at which it was directed to be delivered by the person to whom

it was addressed, and caused to be taken and received from an

authorized depository for mail, the following matters, with each being a

separate count:

| Count | Approximate Date of Mailing | Description |
|-------|------------------------------|-------------|
| 27 | March 29, 2020 | Debit card mailed from U.S. Bank, located in Minnesota, to Employee #1, located in the Middle District of Pennsylvania |
| 28 | March 28, 2020 | Debit card mailed from U.S. Bank, located in Minnesota, to Employee #3, located in the Middle District of Pennsylvania |

All in violation of Title 18, United States Code, Section 1341.

THE GRAND JURY FURTHER CHARGES:

## COUNT 29
### 18 U.S.C. § 1512(b)(1)
### (Witness Tampering)

33.   In or about April 2021, in the Middle District of Pennsylvania, the defendant,

### STEVEN STAMBAUGH,

did knowingly attempt to intimidate and corruptly persuade Employee #4, by stating to Employee #4 that if Employee #4 was questioned by federal investigators, Employee #4 should lie to those investigators by stating that any work performed while ostensibly laid off was voluntary, and that STEVEN STAMBAUGH did not require Employee #4 to work while collecting unemployment, with the intent to influence the testimony of Employee #4 in an official proceeding, namely, Employee #4's anticipated testimony before a federal grand jury.

In violation of Title 18, United States Code, Section 1512(b)(1).

THE GRAND JURY FURTHER CHARGES:

## COUNT 30
### 18 U.S.C. § 1512(b)(3)
### (Witness Tampering)

34.   In or about April 2021, in the Middle District of Pennsylvania, the defendant,

## STEVEN STAMBAUGH,

did knowingly attempt to intimidate and corruptly persuade Employee #4, by stating to Employee #4 that if Employee #4 was questioned by federal investigators, Employee #4 should lie to those investigators by stating that any work performed while ostensibly laid off was voluntary, and that STEVEN STAMBAUGH did not require Employee #4 to work while collecting unemployment, with the intent to hinder, delay, and prevent the communication to special agents of the Department of Labor, Office of the Inspector General, and the Federal Bureau of Investigation, all law enforcement officers, of information relating to the commission and possible commission of a federal offense, namely, unemployment compensation fraud.

In violation of Title 18, United States Code, Section 1512(b)(3).

THE GRAND JURY FURTHER CHARGES:

<u>COUNT 31</u>
18 U.S.C. § 1503
(Obstruction of Justice)

35.     Between on or about March 30, 2021 and November 15, 2022, in the Middle District of Pennsylvania, the defendant,

**STEVEN STAMBAUGH,**

corruptly influenced, obstructed and impeded, and endeavored to influence, obstruct and impede the due administration of justice in a federal grand jury in the Middle District of Pennsylvania, including by:

a. In or about April 2021, stating to Employee #4 that if Employee #4 was questioned by federal investigators, Employee #4 should lie to those investigators by stating that any work performed while ostensibly laid off was voluntary, and that STEVEN STAMBAUGH did not require Employee #4 to work while collecting unemployment;

b. Between in or about April 2021 and November 2022, including after STEVEN STAMBAUGH commenced service as a judicial officer for the Pennsylvania Court of Common

Pleas for York County, urging Employee #4 to "back him up"
and follow his instructions during the federal investigation of
his conduct;

c.  Between in or about April 2021 and November 2022,
including after STEVEN STAMBAUGH commenced service
as a judicial officer for the Pennsylvania Court of Common
Pleas for York County, intimidating Employee #4 by stating
that STEVEN STAMBAUGH would retaliate against
Employee #1 for allegedly reporting his conduct to federal
authorities;

d.  On or about November 14, 2022, in the course of STEVEN
STAMBAUGH's service as a judicial officer for the
Pennsylvania Court of Common Pleas for York County,
requesting that Employee #4 meet with him in advance of
Employee #4's grand jury testimony on November 16, 2022,
to ensure that STEVEN STAMBAUGH and Employee #4
were "on the same page."

e. On or about November 17, 2022, in the course of STEVEN

STAMBAUGH's service as a judicial officer for the

Pennsylvania Court of Common Pleas for York County,

instructing Employee #4 to divulge to STEVEN

STAMBAUGH the substance of Employee #4's grand jury

testimony, and any evidence collected by federal

investigators that was presented during that testimony.

In violation of Title 18, United States Code, Section 1503.


A TRUE BILL

GERARD M. KARAM
United States Attorney

FOREPERSON

MICHELLE L. OLSHEFSKI
SEAN A. CAMONI
Assistant United States Attorneys

10-8-2024
Date